### FRYE & BRUHN v. CARSTENS et al.

#### (Circuit Court of Appeals, Ninth Circuit.   May 2, 1904.)

#### No. 1,026.

1. APPEAL—INTERLOCUTORY JUDGMENT—TEMPORARY INJUNCTION—DISSOLUTION.
   Act March 3, 1891, § 7, as amended by Act June 6, 1900, c. 803, 31 Stat. 660 [U. S. Comp. St. 1901, p. 551], provides that where, on a hearing in equity in a district or circuit court, an injunction shall be granted or continued by an interlocutory order or decree in a case in which an appeal from a final decree may be taken to the Circuit Court of Appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction to the Circuit Court of Appeals. *Held*, that, where a temporary injunction was dissolved on a demurrer to the bill being sustained, plaintiff was not entitled to an appeal from so much of the order only as dissolved the injunction.

Appeal from the Circuit Court of the United States for the Western Division of the District of Washington.

James M. Ashton, for appellant.
R. G. Hudson and R. S. Holt, for appellees.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge.   The motion made to dismiss the appeal in this cause must be granted.   To the bill filed by the complainant the defendants demurred, upon the ground that upon its face it failed to show that the complainant was entitled to the relief sought.   Among the relief so sought was a restraining order and injunction, and upon the bill a restraining order was granted by the court, a motion to dissolve which was afterwards made by the defendants, and came on for hearing before the court with the demurrer to the bill, and resulted in this order of the court:

"The demurrer to the bill and motion of defendants to dissolve the restraining order herein coming on for hearing in open court on this 23d day of September, 1903, and the court having heard read the said bill and demurrer, with the record and files herein, and having heard the arguments of counsel for all parties:

"It is ordered and decreed that the said demurrer be, and the same is hereby, sustained, whereupon plaintiff upon its motion therefor was granted leave to file an amended bill of complaint herein, and at the request of its counsel was allowed thirty days from this date so to do; and, plaintiff having thereupon given notice of appeal from said decision to the United States Circuit

Court of Appeals for the Ninth Circuit in so far as the same might operate to dissolve said restraining order or injunction, the court did order and direct that said restraining order continue in force, and that all proceedings thereon pending said appeal be stayed, upon the plaintiff filing an additional bond on appeal in the sum of fifteen hundred dollars."

The appellant's petition for appeal, which was allowed by the court below, is as follows:

"The above-named plaintiff conceiving itself aggrieved by the interlocutory order made and entered herein by the above-entitled court on the 23d day of September, 1903, whereby said court declined to continue the restraining order herein in force, and permitted the same to stand as a temporary injunction pending the determination of this appeal, only upon this plaintiff giving an additional bond herein on appeal in the sum of fifteen hundred dollars, and requiring that said additional bond be given as a condition of said appeal, and as a condition for the order of said court staying proceedings under said injunction or temporary restraining order during the pendency of said appeal, and this plaintiff having on said 23d day of September, 1903, in open court, given notice of an appeal from said interlocutory order:

"Now, therefore, said plaintiff does hereby appeal from said order to the United States Circuit Court of Appeals for the Ninth Circuit, and for the reasons specified in the assignment of errors filed herewith; and the plaintiff hereby prays that this its said appeal may be allowed, and that a transcript of the record, proceedings, and all papers upon which said interlocutory order was made may be sent, duly authenticated, to the United States Circuit Court of Appeals for the Ninth Circuit at San Francisco, California."

The appeal must be dismissed, because the sustaining of the demurrer to the bill upon the ground that it did not state sufficient facts to warrant the relief sought necessarily resulted in a dissolution of the restraining order, which could not stand while that upon which it was based fell. The complainant had the right, of course, to stand upon its demurrer, submit to final judgment against it, and bring the case here for review, or to avail itself of the privilege given by the court below to amend its bill, which it seems it did. The only appeal the plaintiff sought to take was from so much of the order made by the court below as undertook to work a dissolution of the restraining order, which, under the statute as it now exists, is not appealable, section 7 of the act of March 3, 1891, c. 517, 26 Stat. 828, establishing the Circuit Courts of Appeals, having been amended by the act of June 6, 1900, c. 803, 31 Stat. 660 [U. S. Comp. St. 1901, p. 551], so as to read as follows:

"Sec. 7. That where, upon a hearing in equity in a District Court or in a Circuit Court, or by a judge thereof in vacation, an injunction shall be granted or continued or a receiver appointed, by an interlocutory order or decree, in a cause in which an appeal from a final decree may be taken under the provisions of this act to the Circuit Court of Appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction or appointing such receiver to the Circuit Court of Appeals; provided, that the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed, unless otherwise ordered by that court, or by the appellate court or a judge thereof, during the pendency of such appeal: provided further, that the court below may in its discretion require as a condition of the appeal an additional bond."

The appeal is dismissed.